# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY AINSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-0436-CVE-JFJ |
| ) | |
| DIVERSIFIED CONSULTANTS, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 2). Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). On August 7, 2019, plaintiff filed this case alleging that AT&T's billing department erroneously sent his AT&T account to defendant Diversified Consultants, Inc., a collections company. Dkt. # 2. AT&T informed plaintiff that he owed $486.12 for unreturned equipment and $547.50 for an early termination fee. Id. at 1. Plaintiff disputed all charges with AT&T. Id. AT&T's IT department agreed that the charges were incorrect and informed plaintiff that the charges would be cancelled; however, AT&T's billing department did not get the message. Id. at 2. As a result, plaintiff's overdue account was sent to collections. Id. Plaintiff disputed the charges with defendant after being contacted by defendant, and defendant contacted AT&T for verification of the accuracy of the charges, which defendant received. Id. at 9-10. Plaintiff promptly contacted AT&T, who refused to reverse the charges. Id. at 3. Plaintiff then filed this complaint against defendant, claiming $1,033.62 in damages.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff's complaint does not contain any allegations concerning the basis for federal subject matter jurisdiction. There is no federal question. See 28 U.S.C. § 1331. The parties are diverse; however, the amount of controversy, $1,033.62, is far less than the amount required for diversity jurisdiction, which is greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**IT IS THEREFORE ORDERED** that the complaint (Dkt. # 1) is hereby **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 2) is **moot**.

**DATED** this 8th day of August, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE